UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

-----------------------------------------------------------------------x

Jeoana Sullivan,

Plaintiff,

C.A. No.: __________

-against-

DEMAND FOR JURY TRIAL

Transunion, LLC,
Equifax Information Services, LLC,
National Credit Systems, Inc.,

Defendant(s).

-----------------------------------------------------------------------x

**COMPLAINT**

Plaintiff Jeoana Sullivan ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Transunion, LLC ("Transunion"), Defendant Equifax Information Services, LLC ("Equifax"), and National Credit Systems, Inc. ("National Credit") respectfully sets forth, complains, and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p et seq. and 15 U.S.C. § 1692k(d).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., commonly known as the Fair Credit Reporting Act ("FCRA"), and 15 U.S.C. § 1692 et seq., commonly known as the Fair Debt Collection Practices Act ("FDCPA").

## PARTIES

4. Plaintiff is a resident of the State of Michigan, County of Wayne.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

6. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware corporation registered to do business in the State of Michigan, and may be served with process upon the CT Corporation System, its registered agent for service of process at 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.

7. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of Michigan, and may be served with process upon the CT Corporation System, its registered agent for service of process at 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. National Credit is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, and may be served with process upon the CT Corporation System, its registered agent for service of process at 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. National Credit is also a "debt collector" as defined by 15 U.S.C. § 1692a(6), in that it uses instrumentalities of interstate commerce and the mails in a business the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

14. This Complaint relates to Plaintiff's National Credit account with an account number beginning with 491 ("Account").

### National Credit Dispute and Violation

15. Upon information and belief, on a date better known to Transunion and Equifax ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to her National Credit account.

16. The information furnished by National Credit and published by the Bureaus is inaccurate since the Account reports a collection balance of $19,783 that Plaintiff does not owe.

17. It is materially misleading to report that Plaintiff owes a collection balance of $19,783 on the Account.

18. By reporting the Account with a balance of $19,783, Defendants give the false impression to potential lenders that Plaintiff owes a substantial delinquent debt that she does not, in fact, owe.

19. Plaintiff was a tenant of Silverbrooke Villas Apartments ("Silverbrooke") until August 2021.

20. Plaintiff was a tenant of Silverbrooke on only one occasion, and her tenancy ended in August 2021 when she vacated the apartment.

21. Plaintiff had no connection to any person who may have occupied the apartment after she vacated it.

22. After Plaintiff's tenancy ended, Silverbrooke commenced a lawsuit against Plaintiff.

23. In connection with that lawsuit, a Judgment dated December 15, 2021 ("Judgment") was issued, after Plaintiff had already vacated the apartment.

24. There was no "Money Judgment" entered on the Judgment.

25. Even if Plaintiff owed any amount in connection with her tenancy, the December 15, 2021, the Judgment reflects an amount of $7,941, not the $19,783 balance appearing on Plaintiff's consumer reports.

26. A writ of eviction was issued in the beginning of 2022, after Plaintiff had already vacated the apartment.

27. The Account was subsequently placed with National Credit for collection.

28. National Credit furnishes, and the Bureaus report, a balance of $19,783 on the Account.

29. Upon information and belief, the difference between the $7,941 reflected on the December 15, 2021 Judgment and the $19,783 reported balance consists of additional amounts purportedly accrued during 2022.

30. Plaintiff does not owe such additional amounts, as she vacated the apartment in August 2021, months before such amounts purportedly accrued.

31. Because Plaintiff had vacated the apartment months earlier, the creditor knew or should have known by the end of 2021 the full amount, if any, that Plaintiff owed.

32. Although the December 15, 2021 Judgment contains language stating that additional amounts may accrue, such language can apply only where the tenant remains in possession of the premises, as the creditor would otherwise have no basis upon which to accrue additional amounts.

33. Plaintiff was not in possession of the premises when the additional amounts purportedly accrued.

34. Accordingly, the $19,783 balance furnished by National Credit and reported by the Bureaus is inaccurate and inflated.

35. For approximately two years prior to retaining counsel, Plaintiff repeatedly disputed the debt, disputing it approximately twenty times with the original creditor, National Credit, and the Bureaus.

36. In each such dispute, Plaintiff stated that she does not owe the debt.

37. Despite Plaintiff's repeated disputes, Defendants continued to report the inaccurate Account information on Plaintiff's consumer reports.

38. Plaintiff disputed the Account with the Bureaus on or about February 10, 2026.

39. In her dispute, Plaintiff explained that she does not owe the reported balance and attached the December 15, 2021 Judgment referenced above.

40. Upon information and belief, the Bureaus sent National Credit notice of Plaintiff's dispute.

41. Upon receipt of Plaintiff's Account dispute letters from the Bureaus, National Credit failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Account.

42. Had National Credit performed a reasonable investigation of the Plaintiff's dispute, it would have been revealed to National Credit that Plaintiff does not owe the balance reported on the Account.

43. Despite Plaintiff's disputes that the information on her consumer reports was inaccurate with respect to the disputed Account, the Bureaus did not timely evaluate or consider any of the information or claims of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

44. Had the Bureaus performed a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the Account was inaccurately reported.

45. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

46. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

47. Upon receipt of the disputes of the account from the Plaintiff, National Credit failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

48. The Bureaus violated 15 U.S. Code § 1681i(a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

49. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

50. The inaccurate and inflated $19,783 collection balance reported on Plaintiff's consumer reports significantly and negatively impacts Plaintiff's credit score and creditworthiness.

51. Potential lenders reviewing Plaintiff's consumer reports are given the false impression that Plaintiff owes a substantial delinquent debt that she does not owe.

52. The inaccurate Account information is a substantial factor causing Plaintiff to be viewed as a greater credit risk than she actually is.

53. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
(Willful Violation of the FCRA as to the Bureaus)

54. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

55. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

56. The Bureaus violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

57. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

58. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

59. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

60. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

61. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jeoana Sullivan, an individual, demands judgement in her favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

**SECOND CAUSE OF ACTION**
(Negligent Violation of the FCRA as to the Bureaus)

62. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

63. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

64. The Bureaus violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

65. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

66. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

67. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

68. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

69. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Jeoana Sullivan, an individual, demands judgement in her favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

**THIRD CAUSE OF ACTION**

(Willful Violation of the FCRA as to National Credit)

70. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

71. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

72. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

73. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

74. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

75. National Credit violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

76. As a result of the conduct, action and inaction of National Credit, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

77. The conduct, action and inaction of National Credit was willful, rendering National Credit liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

78. The Plaintiff is entitled to recover reasonable costs and attorney's fees from National Credit in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jeoana Sullivan, an individual demands judgement in her favor against National Credit in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

(Negligent Violation of the FCRA as to National Credit)

79. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

80. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

81. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

82. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

83. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

84. National Credit is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

85. After receiving the Dispute Notice from the Bureaus, National Credit negligently failed to conduct its reinvestigation in good faith.

86. A reasonable investigation would require a furnisher such as National Credit to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

87. The conduct, action and inaction of National Credit was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

88. As a result of the conduct, action and inaction of National Credit, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

89. The Plaintiff is entitled to recover reasonable costs and attorney's fees from National Credit in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Jeoana Sullivan, an individual, demands judgement in her favor against National Credit for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

**FIFTH CAUSE OF ACTION**
(Violation of the FDCPA as to National Credit)

90. Plaintiff hereby incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

91. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

92. National Credit violated 15 U.S.C. § 1692e:

a. By attempting to collect, and by reporting, a debt that Plaintiff does not owe;

b. By misrepresenting the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A); and

c. By using false, deceptive, and misleading representations and means in violation of 15 U.S.C. § 1692e(10).

93. By reason thereof, National Credit is liable to Plaintiff for actual damages, statutory damages, and reasonable costs and attorney's fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff, Jeoana Sullivan, an individual, demands judgement in her favor against National Credit for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**DEMAND FOR TRIAL BY JURY**

94. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

c) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

d) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2);

e) For actual damages, statutory damages, and reasonable attorneys' fees and costs against National Credit pursuant to the FDCPA, 15 U.S.C. § 1692k;

f) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: July 17, 2026

Respectfully Submitted,

/s/ Joshua Cohen
Joshua Cohen, Esq.
Stein Saks, PLLC
One University Plaza, Ste 620
Hackensack, NJ 07601
201-282-6500
jcohen@steinsakslegal.com